IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIE WORLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-0080 |
| ) | |
| PERFECT EQUIPMENT COMPANY, LLC, ) | Judge Thomas A. Wiseman, Jr. |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Defendant Perfect Equipment Company, LLC ("PEC") has filed a Motion for Reconsideration (Doc. No. 26), purportedly under Rule 59(e) of the Federal Rules of Civil Procedure, in conjunction with which it introduces new evidence in support of its Motion for Summary Judgment and in reply to unsubstantiated allegations made by Plaintiff Willie J. Worley in his Response in Opposition to Defendant's Motion for Summary Judgment. In his response in opposition to PEC's Motion for Reconsideration, Plaintiff simply insists that Rule 59(e) only pertains to final "judgments" and not to interim rulings, and therefore that PEC's motion should be disallowed. For the reasons explained below, the Court finds that PEC's motion is expressly authorized by Local Rule 8(b)(3) and should be granted. Granting the Motion for Reconsideration means that PEC's Motion for Summary Judgment will be granted and this case dismissed.

**I. INTRODUCTION**

Magistrate Judge Brown entered an Order on July 12, 2005 (Doc. No. 8) setting the deadlines for completing discovery and for filing dispositive motions, responses, and reply briefs in this case. Specifically, discovery was to be completed by September 2, 2005. Dispositive motions were also due by September 2, 2005. Responses were due by October 31, 2005, and reply briefs were to be filed by November 14, 2005. Defendant in this case filed its timely Motion for Summary Judgment and Plaintiff's Response was likewise timely. This Court entered its ruling denying summary judgment on November 14, 2005, the day that Defendant's reply brief was due.

Defendant filed its Motion for Reconsideration seven days later, on November 21, 2005. As indicated

above, Defendant purports to file its motion under Rule 59(e) of the Federal Rules of Civil Procedure. In his response, Plaintiff does not address the merits of Defendant's argument. Instead, he claims only that Rule 59(e) does not contemplate reconsideration of non-final judgments and that Defendant's motion should therefore be denied. In fact, Defendant's Motion is expressly authorized by Local Rule:

> A reply memorandum may be filed upon leave of Court. Provided, however, the Court may act on the motion prior to the time set forth hereinbefore. In such event, the affected party may file a motion to reconsider within . . . twenty (20) days in the case of a motion for summary judgment, after service of the order reflecting the action of the judge.

L.R. 8(b)(3). The Court acted on Defendant's motion prior to the expiration of the deadline for Defendant to file its reply brief, and Defendant has properly filed a Motion for Reconsideration well within the time-frame contemplated by the Local Rule.

Unfortunately, the Local Rule does not indicate the standard for reviewing such motions for reconsideration, nor does case law from this district. Based upon its reading and understanding of the authority granted by Local Rule 8(b)(3) under the circumstances presented, the Court will reconsider its decision *de novo*.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Util. Bd., 259 F.3d 452, 460 (6th Cir. 2001). To prevail, the non-movant must show sufficient evidence to create a genuine issue of material fact. See Klepper v. First Am. Bank, 916 F.2d 337, 341–42 (6th Cir. 1990) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." Id.(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

2

## II. FACTUAL BACKGROUND

The Court will not reiterate here the entire factual background set forth in its original Memorandum Opinion (Doc. No. 24), but will simply set forth those facts and factual allegations that are relevant for purposes of reviewing this motion for reconsideration.

Of specific importance is Mr. Worley's allegation, in support of his *prima facie* case of employment discrimination, that he was replaced by a person who was significantly younger than he: "I was replaced in my machine job by an individual who was about 30 years of age, with much less experience as a press operator." (Oct. 31, 2005 Affidavit of Willie J. Worley, Doc. No. 21 ("Worley Aff."), ¶ 9(g).) Mr. Worley also alleged in his deposition that other employees who have made the same types of mistakes he made were not fired as a result. (Worley Aff. ¶¶ 4, 7.)

In support of its Motion for Reconsideration, PEC points out that Mr. Worley's affidavit is completely unsubstantiated by any objective evidence. PEC also offers the affidavit of Julie Darnell, PEC's Human Resources Manager both currently and at the time Mr. Worley's employment was terminated, in which Ms. Darnell states:

> Mr. Worley was not replaced by a younger employee. In fact, Mr. Worley's job duties were simply subsumed into the duties of other employees who were already working for the Company. None of these employees changed job titles upon or due to Mr. Worley's termination.

(Nov. 16, 2005 Affidavit of Jule Darnell ("Darnell Aff."), ¶ 7.) Ms. Darnell further attests that "Mr. Worley's employment . . . was terminated solely because of his violation of stated company policies and for no other reason." (Doc. No. 28, ¶ 8.)

## III. DISCUSSION

Mr. Worley brings his discrimination claim under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, which prohibits an employer from discriminating in hiring and firing on the basis of age, among other categories. The THRA's prohibitions against age discrimination apply to individuals who are at least forty years of age. Tenn. Code Ann. § 4-21-407(b). It is undisputed that Mr. Worley was 62 when his employment with PEC was terminated, so he is a person protected by the statute.

In applying and interpreting the THRA, Tennessee courts look to cases construing the federal "Age Discrimination in Employment Act," 29 U.S.C.A. § 621 *et seq.* ("ADEA"), because the Tennessee

3

legislation specifically states, "It is the purpose and intent of the general assembly by this chapter to . . . [p]rovide for execution within Tennessee of the policies embodied in the . . . Age Discrimination in Employment Act of 1967, as amended." Tenn. Code Ann. § 4-21-101(a); Moore v. Nashville Elec. Power Bd., 72 S.W.3d 643, 651 (Tenn. Ct. App. 2001); Bruce v. Western Auto Supply Co., 669 S.W.2d 95, 97 (Tenn. Ct. App. 1984).

Thus, under both the THRA and the ADEA, a plaintiff seeking to establish a claim of age discrimination must first prove a *prima facie* case of discrimination. Tex. Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 252–53 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)); Moore, 72 S.W.3d at 651; Bruce, 669 S.W.2d at 97. If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Burdine, 450 U.S. at 253 (quoting McDonnell Douglas, 411 U.S. at 802). If the defendant carries that burden, the plaintiff must prove that the proffered reasons were pretextual. Id. (citing McDonnell Douglas, 411 U.S. at 804). Pretext can be established by a direct showing that a discriminatory reason more likely motivated the employer or by an indirect showing that the employer's explanation is not credible. Id. at 256.

An employee "may establish a *prima facie* case of discrimination either by presenting direct evidence of intentional discrimination by the defendant, or by showing the existence of facts which create an inference of discrimination." Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1248 (6th Cir. 1995) (internal citations omitted). Where no direct evidence is available, the Plaintiff may establish his *prima facie* case with indirect, circumstantial evidence by showing that (1) he is a member of a protected group; (2) he was subject to an adverse employment decision; (3) he was qualified for the position; and (4) he was replaced by a person substantially younger than he. Id. at 1246; see also Kline v. TVA, 128 F.3d 337, 349 (6th Cir. 1997). In this circuit, a "person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties." Grosjean v. First Energy Corp., 349 F.3d 332, 336 (6th Cir. 2003) (quoting Barnes v. GenCorp Inc., 896 F.2d 1457, 1465

4

(6th Cir. 1990)); see also Lilley v. BTM Corp., 958 F.2d 746, 752 (6th Cir. 1992) ("Spreading the former duties of a terminated employee among the remaining employees does not constitute replacement.").

Alternatively, where a plaintiff cannot show that he was replaced by a substantially younger person, a plaintiff can make out a *prima facie* case by showing, in addition to the first three elements, that "a comparable non-protected person was treated better." Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992). To establish the requirements of a *prima facie* claim of disparate treatment "using such a 'comparable non-protected person was treated better' element as one of the requisites, the plaintiff must produce evidence which at a minimum establishes (1) that he was a member of a protected class and (2) that for the same or similar conduct he was treated differently than similarly-situated non-minority employees." Id. at 582–83.

### 1. *Whether There Is a Genuine Issue of Fact As to Whether Mr. Worley Was Replaced By a Younger Person*

In considering whether Mr. Worley succeeds in establishing a *prima facie* case of discrimination, the Court originally concluded that he did, but barely. He clearly meets the first three elements: He was age 62 and, as such, a member of a protected class when he was terminated from his job. The Court found that he had met the fourth element by submitting an affidavit in which he claimed that he was replaced by someone who was "approximately 30 years old."[1] The question the Court is called upon to reconsider is whether Mr. Worley's statement in his affidavit, on an issue regarding which he carries the burden of proof, is sufficient to create a genuine issue of material fact.

Federal Rule of Civil Procedure 56(e) requires that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Although Mr. Worley stated in his affidavit, "I have personal knowledge of the matters set forth below, and I am competent to give testimony regarding the facts set forth below" (Worley Aff.), his attestation as to his competence is insufficient

---

[1] At that time, PEC had not offered any evidence refuting that allegation. Admittedly, however, PEC had not yet had the opportunity to do so. Now, the Court has before it the affidavit of PEC's Human Resources Manager in which she states that Mr. Worley has not been replaced by a person younger than he. While PEC's new evidence provided the catalyst for the Court's reconsideration, it is not necessary to the Court's finding herein.

5

where it is not supported by specific facts demonstrating that he is, in fact, competent. He does not "show affirmatively" what basis he has for believing that PEC hired a younger person to replace him; he does not provide that person's name, job title, hire or start date; he has not produced any documentation or deposition testimony showing such a person was actually hired, despite the fact that he had ample opportunity to conduct discovery in this case, and discovery was completed by the time Mr. Worley filed his Response brief. The Sixth Circuit has repeatedly held that affidavits containing "nothing more than rumors, conclusory allegations and subjective beliefs . . . are wholly insufficient evidence to establish a claim of discrimination as a matter of law." Mitchell v. Toledo Hosp., 964 F.2d 577, 585 (6th Cir. 1992); see also Reeher v. Baker Material Handling Corp., No. 92-3244, 1993 U.S. App. LEXIS 16142, at *11 (6th Cir. June 23, 1993), reported as Table case at 996 F.2d 1216, 1993 U.S. App. LEXIS 22150 (affirming trial court's finding that conclusory statements that younger employees were hired to replaced plaintiffs were not sufficient to identify genuine issues of material fact precluding summary judgment in the absence of corroborating material such a personnel records or deposition testimony, and thus that plaintiffs had failed to meet their initial burden of establishing a prima facie case).

Because Mr. Worley's conclusory allegation in his affidavit is completely unsubstantiated and not corroborated by any other evidence in the record, the Court finds that it is insufficient as a matter of law either to establish that he was actually replaced by a younger person or to create a genuine issue of material fact as to that question.

### 2. Whether There Is a Genuine Issue of Fact As to Whether Mr. Worley Was Treated Differently Than Similarly Situated Non-Minority Employees

It appears that Mr. Worley is also attempting to assert a disparate impact claim of discrimination. With respect to such claims, the Sixth Circuit has stated that, in order to draw a comparison between a plaintiff's treatment and that of non-minority employees, "a plaintiff must show that the 'comparables' are similarly situated *in all respects*." Toledo Hosp., 964 F.2d at 583 (emphasis in original; citation omitted). For instance, the plaintiff must show that the individuals with whom the plaintiff seeks to compare his treatment "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such different or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id. (citations omitted).

Mr. Worley clearly fails to meet this standard. He simply alleges as follows in his Affidavit:

> . . . I know other employees who experienced similar problems as press operator (sometimes due to defective materials) who were never terminated upon the first written, supposed "violation." I know that Jessie Wade, an employee of the Defendant, was suspended for three days for the same violation for which I was terminated. Mr. Wade had much less seniority than my 38 years with the company. . . . I know of other employees who experienced similar problems in the several months before I was terminated, which included Paul (Buster) Alexander, Rachel Melton, and Roy Towe. On some occasions, I know that 500 lbs to 600 lbs. of parts were rejected, with none of the press operators involved being terminated.

(Worley Aff. ¶ 7.) Mr. Worley does not provide the ages of the persons who supposedly were subject to different treatment, so there is no indication as to whether they fell outside the protected class. Moreover, he does not indicate that these persons were otherwise "similarly situated *in all respects*." Toledo Hosp., 964 F.2d at 583. He does not identify these persons' supervisor(s), and he does not indicate whether any of these persons had been subject to a prior written violation. To the contrary, he suggests they were not. Mr. Worley had already been written up for a previous violation. Accordingly, the Court finds that Mr. Worley's allegations are not sufficient to create a genuine issue of material fact as to whether he was treated differently than similarly situated persons outside the protected class.

Because Mr. Worley neither establishes that he was replaced by a younger person nor that he was treated differently from similarly situated persons outside the protected class, the Court finds Mr. Worley has failed to establish a *prima facie* case of age discrimination, and PEC is entitled to summary judgment in its favor dismissing Mr. Worley's age-discrimination claim.

## IV.    CONCLUSION

Upon reconsideration of the issue, the Court determines that Mr. Worley's conclusory and unsupported allegations in his Affidavit are insufficient to create a genuine issue of material fact sufficient to defeat summary judgment. Because he has failed to carry his burden of establishing a *prima facie* case of discrimination, PEC is entitled to summary judgment in its favor and its Motion For Reconsideration will therefore be granted. An appropriate order will enter.

This the 3rd day of January, 2006.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge